IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE E. HUGHES, | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| v. | : | NO. 05-5444 |
| | : | |
| CITY OF BETHLEHEM, et al., | : | |
| **Defendants** | : | |

**FILED**

FEB - 3 2009

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**STENGEL, J.**                                                    **February ⸱⸱ , 2009**

Catherine E. Hughes sued her former employer and its agents for employment

discrimination based on gender and disability. I granted the defendants' motion for

summary judgment in its entirety. See Hughes v. City of Bethlehem, et al., 2007 U.S.

Dist. LEXIS 22409 (E.D. Pa. Mar. 27, 2007). The Third Circuit Court of Appeals

affirmed that decision. See Hughes v. City of Bethlehem, et al., 2008 U.S. App. LEXIS

20974 (3d Cir. Pa. Oct. 2, 2008). The defendants have filed a motion for attorney's fees

pursuant to 42 U.S.C. § 2005e-5(k)[1], 42 U.S.C. § 1988[2], and 42 U.S.C. § 12205[3]. The

plaintiff has not responded to this motion. I note that the standards for assessing claims

---

[1] Title 42 U.S.C. § 2000e-5(k) provides: In any action or proceeding under this title, the
court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including
expert fees) as part of the costs. . .

[2] Section 1988 (b) provides: In any action or proceeding to enforce a provision of . . . 42
U.S.C. §§ 1981-1983, 1985, 1986, . . . the court, in its discretion, may allow the prevailing party .
. . a reasonable attorney's fee as part of the costs. . .

[3] Section 12205 provides: In any action or administrative proceeding commenced
pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party . . . a
reasonable attorney's fee, including litigation expenses, and costs. . .

for attorney's fees under these statutes are identical. <u>See</u> <u>Barnes Found. v. Twp. of Lower Merion, et al.</u>, 242 F.3d 151, 158 n.6 (3d Cir. 2001). Accordingly, cases used to interpret one statute may be used to interpret the other. <u>Id.</u> For the following reasons, I will deny the motion in its entirety.

It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 415-416 (1978). Congress has provided only limited exceptions to this rule "under selected statutes granting or protecting various federal rights." <u>Id.</u> Under the various statutes prohibiting employment discrimination, the district court has the discretion to award the prevailing party a reasonable attorney's fee. The prevailing party can be either the plaintiff or the defendant. <u>EEOC v. L.B. Foster Co.</u>, 123 F.3d 746, 750 (3d Cir. 1997). Even though attorney's fees may be awarded to an employer where it is the prevailing party, such awards should "be only sparingly awarded," because the employer, unlike the employee, is not acting as a private attorney general in the litigation. <u>Id.</u> at 750-751. It is merely defending against an action it had no role in bringing. The plaintiff, however, has brought an action which, if successful, advances the public interest of eliminating discrimination from the workplace. <u>Id.</u>

The Supreme Court of the United States clarified that the standard for awarding attorney's fees to prevailing defendants is not the same as the standard for prevailing

plaintiffs.  Id. (citing Christiansburg Garment, 434 U.S. at 416).  In such a case, the district court may impose fees if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Id. at 421.  "Frivolous, unreasonable, or without foundation" implies "groundless" rather than simply that the plaintiff has ultimately lost her case.  Id.  A district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, her action must have been unreasonable or without foundation."  Id. at 421-22.  Such *post hoc* reasoning "would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [the statutes prohibiting employment discrimination]."  Id.  The decision to award fees to a prevailing defendant is not based on "hard and fast rules" and should be made on a "case-by-case basis."  L.B. Foster Co., 123 F.3d at 751.

While not an exclusive list, the Third Circuit has considered such factors as whether the plaintiff established a *prima facie* case; whether the defendant offered to settle; whether the trial court dismissed the case prior to trial; whether the question was one of first impression; and whether the plaintiff risked a "real threat of injury."  Barnes Found., 242 F.3d at 158.  Here, most of these factors support the defendants' argument for attorney's fees.  Miss Hughes failed to establish a *prima facie* case for any of her claims.  In fact, the Third Circuit held that Miss Hughes: (1) failed to establish a *prima facie* case of gender-based employment discrimination and that her retaliation claim fails

3

because she presented no evidence of pretext; (2) was unable to establish a *prima facie* case of disability discrimination because she presented no evidence to establish she was disabled under the ADA; and (3) failed to establish merit with respect to her § 1983 claim or her FMLA claim. See Hughes v. City of Bethlehem, et al., 2008 U.S. App. LEXIS 20974 at *6-9. Further, Miss Hughes did not show a real threat of injury, and none of the issues presented was novel or one of first impression. The defendants contend that they did not offer to settle the case. And, finally, I disposed of the case before trial by granting the defendants' motion for summary judgment.

However, the evidence that Miss Hughes presented, while inadequate to support even a *prima facie* case for her claims, illustrated that she believed that her former employer had discriminated against her.[4] She was not unreasonable, though mistaken, to believe that the evidence presented could survive summary judgment. An outcome where a plaintiff is forced to surrender attorney's fees after losing such a motion for summary judgment is clearly contrary to the Third Circuit's directive that attorney's fees to a prevailing defendant are not routine, but are to be only sparingly awarded. L.B. Foster Co., 123 F.3d at 751. Moreover, Miss Hughes did not misstate the controlling law or advance a theory clearly contrary to the holdings of any court. Nothing in this case would

---

[4] For example, Miss Hughes presented evidence of the deposition testimony of the president of her former union; evidence that while vacationing in Las Vegas, she had in fact fallen ill; evidence of her continuing treatment since 1998 for Type II diabetes; evidence that she had successfully requested an accommodation from her employer for a locker in which to store her syringes for medication; and evidence that she had successfully filed a grievance against a co-worker.

lead me to conclude that she advanced her claims for improper motives, or simply to harass the defendants. Instead, this case, like many cases in the judicial system, turned on whether the plaintiff had produced evidence sufficient to survive summary judgment. While she failed, the plaintiff produced evidence which she reasonably argued demonstrated her claims. Accordingly, I find that the plaintiff neither advanced claims which were "frivolous, unreasonable, or without foundation," nor advanced them in bad faith. I will deny the defendants' motion for attorney's fees.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CATHERINE E. HUGHES,          :     CIVIL ACTION
      Plaintiff          :
                                   :
        v.          :     NO. 05-5444
                                   :
CITY OF BETHLEHEM, et al.,          :
      Defendants          :

**FILED**

                   **O R D E R**

FEB - 3 2009

STENGEL, J.

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

     **AND NOW**, this ____ day of February, 2009, upon consideration of the defendants' unanswered motion for attorney's fees (Document #38), it is hereby ORDERED that the motion is DENIED in its entirety.

     The Clerk of Court is directed to mark this case closed for all purposes.


                    BY THE COURT:


                    _____
                    LAWRENCE F. STENGEL, J.